|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES – GENERAL

Case No. SACV 12-02068-CJC(RNBx)                                           Date:  July 22, 2013

Title: <u>PHILLIPPE ZATTA V. EXPERIAN INFORMATION SOLUTIONS, INC.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

| <u>Michelle Urie</u> | <u>     N/A     </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                      None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** [filed 6/5/13]

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for July 29, 2013, at 1:30 p.m. is hereby vacated and off calendar.

**INTRODUCTION AND BACKGROUND**

      Plaintiff Philippe Zatta ("Plaintiff") filed this action in Orange County Superior Court on October 30, 2012, asserting four causes of action against Defendant Experian Information Systems, Inc. ("Experian") pertaining to allegedly inaccurate information in his credit report and wrongful conduct by Experian in connection with credit reporting activities.  (Dkt. No. 1, Exh. A ["Compl."].)  The initial Complaint pled four causes of action against Experian: (1) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), (2) violation of the federal Fair Credit Reporting Act ("FCRA"), (3) "loss of opportunity," and (4) "fraud and deceptive business practices."  Experian removed the case to this Court on November 29, 2012 pursuant to 28 U.S.C. § 1331.  Plaintiff moved for remand, and the Court denied Plaintiff's motion because federal question jurisdiction existed by virtue of the FCRA claim.  (Dkt. No. 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02068-CJC(RNBx)          Date: July 22, 2013
         Page 2

---

       Plaintiff moved to amend his Complaint on March 18, 2013, and Experian did not oppose the motion.  The Court granted Plaintiff's motion to amend, and Plaintiff filed his First Amended Complaint ("FAC") on May 28, 2013.  (Dkt. No. 28 ["FAC"].)  Plaintiff's FAC pleads eight causes of action against Experian: (1) violation of the CCRAA; (2) "violation of the confidentiality of Social Security Numbers, California Civil Code, § 1798.85 – § 1798.89"; (3) "loss of opportunity"; (4) defamation; (5) "breach of duty and negligence, California Civil Code § 1714(a)"; (6) "fraud and deceptive business practices, California Civil Code § 1709, § 1710, § 1572, and § 1573"; (7) "concealment, California Civil Code, § 1901"; and (8) "infliction of emotional distress."  (FAC.)  The amended pleading dropped the FCRA cause of action and did not assert any other claims under federal law.  (*See* FAC.)  Experian filed its Answer to the FAC on May 31, 2013.  (Dkt. No. 30.)  Before the Court is Plaintiff's motion to voluntarily dismiss the action without prejudice.  (Dkt. No. 31.)  Experian opposes voluntary dismissal.  (Dkt. No. 34.)  For the reasons stated below, Plaintiff's motion is **GRANTED**.

**DISCUSSION**

       Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff must obtain a court order when it seeks to voluntarily dismiss its suit after a defendant has filed an answer or motion for summary judgment.  The decision to grant such a dismissal "is addressed to the sound discretion of the District Court."  *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 670 F.2d 143, 145 (9th Cir. 1982).  Voluntary dismissal is generally permitted unless it will result in "plain legal prejudice" to the defendant.  *Id.*  The determination of legal prejudice focuses on "the rights and defenses available to a defendant in future litigation," that is, whether the defendant will suffer "prejudice to some legal interest, some legal claim, some legal argument."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  The Ninth Circuit has noted that other courts have considered "the loss of a federal forum" in determining plain legal prejudice.  *Id.* (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).  It is firmly established, however, that "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice."  *Id.* at 96; *Hamilton*, 670 F.2d at 145 ("Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage.").  In the case cited by the Ninth Circuit regarding the loss of a federal forum, *American National Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411 (10th Cir. 1991), the Tenth Circuit examined the issue and held that "[t]he possibility that plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02068-CJC(RNBx)            Date: July 22, 2013
                                                        Page 3

may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Id.* at 1412. The Tenth Circuit also found that voluntary dismissal was proper "even where the plaintiff's only motive is to recommence the action in state court." *Id.* at 1413.

      Experian asserts that Plaintiff has expressed an intention to refile this action in state court. Experian argues that Plaintiff's motion for voluntary dismissal should therefore be denied on the grounds of attempted forum manipulation. Legal prejudice, however, is not established by the prospect of the defendant facing a second lawsuit or being required to litigate in state court. *See Westlands*, 100 F.3d at 96; *Am. Nat'l Bank & Trust Co. of Sapulpa*, 931 F.2d at 1412. Experian cites *Central Montana Rail v. BNSF Railway Co.*, 422 F. App'x 636, 638 (9th Cir. 2011), in support of its argument that Plaintiff's purported forum shopping should bar voluntary dismissal. In *Central Montana Rail*, however, allowing voluntary dismissal would have opened the possibility that the defendant "could face litigation in state court of a claim that had reached the summary judgment stage in federal court, after almost four years of litigation." *Id.* In contrast, Plaintiff's lawsuit was removed approximately eight months ago, and no summary judgment motion or any other substantive motion has been filed. Moreover, the one federal claim that supported federal question jurisdiction is no longer asserted by Plaintiff. Plaintiff's FAC asserts eight causes of action, all under California law, and all involving issues traditionally the subject of state law, such as defamation, negligence, and fraud. Experian has not pointed to any claim, defense, or substantive right of which it will be deprived if it is required to litigate this case in state court. Experian at most argues that it will be harmed by the "prospect of a second lawsuit," which is insufficient to establish legal prejudice. *See Hamilton*, 670 F.2d at 145.

## CONCLUSION

      For the foregoing reasons, Plaintiff's motion for voluntary dismissal is **GRANTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE**.

bsc

MINUTES FORM 11
CIVIL-GEN                                                                                   Initials of Deputy Clerk MU